## Pryor v. Commonwealth.

June 7, 1949.

W. E. Jones and J. S. Garman for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Charles Pryor was convicted of grand larceny for the alleged theft of a cow or steer belonging to Estill Mansfield, in Warren County. His appeal is based on the grounds that (1) the evidence was not sufficient to take the case to the jury and (2) the Commonwealth's attorney was guilty of improper and prejudicial argument.

A summary of the evidence for the Commonwealth in chronological order rather than that of its introduction follows: The appellant was seen in Glasgow on the morning of February 13, 1948, in the company of two Negro men, who subsequently were indicted with him for this crime. While there the appellant was seen purchasing a half case of canned beer. About 10 o'clock that evening a red truck with green racks (similar to the one owned by Pryor), was observed parked in a roadway across from the Mansfield pasture. The witness who saw the truck stated there were two men in it and that no one was sitting in the driver's seat. Another witness said the appellant came to his home about 1:30 on the morning of February 14th, and requested that he take him to Glasgow. This statement is corroborated by a guest in the home of the witness. On the morning of February 14th, about 7:00 a. m., a neighbor of Mansfield's drove by the pasture and observed a truck parked at an angle to a bank about 40 yards inside the fence, which had been cut. This witness said there was a bovine animal in the truck. The witness returned from the post office in 5 or 10 minutes and saw the truck and animal still there. Around 45 minutes later the witness called a neighbor to investigate. When they arrived at the field the truck was there, but there was no animal in it. By that time Mansfield's caretaker had gone to the barn and discovered that, contrary to the usual custom, the barn doors were fastened and that there were but 51 rather than 53 of the herd of cattle in the barn. The men proceeded to investigate the truck and found evidences of an animal having been in it. A rope with a broken bull ring attached was found tied to a near-by tree. In the cab of the truck were found additional pieces of rope and bull rings. Both animal and human footprints were observed in the snow. The footprints

of the animal led to the rear of the barn where two steers were discovered, the nose of one of which was scuffed. The testimony showed that the scuffing could have been caused by the insertion of a bull ring. Upon discovering that the truck was registered in the name of the appellant the officers questioned him. He stated he had returned home about 7 o'clock the preceding evening, leaving his truck parked on the highway, and that he had not thereafter left home; that the following morning the truck was gone, and that he went to a garage and had the owner call the State Highway Police and report the theft.

The only witnesses offered by the defense were the wife of the appellant, who testified that he spent the entire night at home, and the garage man, who testified that the appellant reported the theft of the truck to him and that he called the State Highway Police. This witness said that, getting no answer, he finally phoned the patrolman's house and reported the theft to him.

In arguing the case to the jury the Commonwealth's Attorney made the following statement:

"If there is not enough evidence in this case to prove larceny, the Court would have directed a verdict in your (the appellant's attorney) favor."
The objection to this argument was overruled.

The Commonwealth in its brief states that the argument of the Commonwealth's Attorney was highly improper and that the objection thereto should have been sustained. The Attorney General also concedes that the evidence is not sufficient to sustain the verdict and agrees with counsel for the appellant in his statement that the case of Shepherd v. Commonwealth, 308 Ky. 154, 213 S. W. 2d 1009, wherein a conviction in a cattle theft case was reversed, presented a much stronger case than do the facts here.

Judgment reversed, with directions to set it aside and to grant a peremptory instruction in favor of the appellant if the evidence be the same on another trial.